OPINION
Appellant Lois Wray-Wallace appeals a judgment of the Fairfield County Common Pleas Court affirming a decision of the State Personnel Board of Review, which affirmed appellant's removal from classified service:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED WHEN IT ADOPTED THE DECISION OF SPBR THAT FOUND APPELLANT COULD BE REMOVED FROM HER CIVIL SERVICE JOB FOR NONPARTISAN ACTIVITIES.
 II. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE DECISION OF SPBR THAT DETERMINED THAT APPELLANT HAD SOLICITED AN IN-KIND POLITICAL CONTRIBUTION AS DEFINED IN ORC 3517.01.
 III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT AN IN-KIND CONTRIBUTION, AS DEFINED IN ORC 3517.01, CAN CONSIST OF A BENEFIT THAT IS WHOLLY INTANGIBLE.
Appellant served as a classified employee of the State of Ohio. Appellant had twenty-two years of State service, and was employed by appellee the Ohio Bureau of Employment Services. Her last position was as an Administrative Assistant.
Appellant was a member of the Haaf Farms Home Owners' Association. This group is a non-partisan association concerned with the protection of the home owners' property interest. One of their main concerns was obtaining improvements in the sewage and draining systems in the area where they reside, to end creek flooding and, otherwise, protect their property from water problems. In her activities with the Home Owners' Association, appellant worked with Lisa Kessler, a Fairfield County Commissioner.
In late December, 1995, or early January, 1996, appellant invited OBES Deputy Administrator Jean Curtis to an event for Lisa Kessler at appellant's home. The event was to be held on February 18, 1996. Appellant also asked Curtis to invite Administrator Bowland to the meeting. On January 9, 1996, appellant contacted Lieutenant Governor Nancy Hollister's Chief of Staff concerning the possibility of inviting the Lieutenant Governor to the event. The Chief of Staff instructed appellant to put her invitation in writing. On January 10, 1996, appellant issued a written invitation to Lieutenant Governor Hollister. This invitation stated in pertinent part:
 "I spoke with Graig Pellman recently regarding an afternoon get-together that I am planning for Lisa Kessler, Fairfield County Commissioner, who is running for re-election in March. Graig suggested that I drop you a note to invite you to attend.
 Lisa has her work cut out for her, in that she is bucking the "Good `Ole Boys" of Fairfield County. She is a very dear friend who has helped me many times over the span of our friendship. As a way to return her kindness, I have offered to have a small "Meet your Commissioner" gathering here in my home. I would very much like to have you join us, and what a help it would be for Lisa."
The February 18 event was later canceled. On January 26, 1996, appellant submitted another letter to Lieutenant Governor Hollister, inviting her to an event sponsored by two civic associations. The event was to be held at Damon's Restaurant in Pickerington on February 9, 1996. On February 9, a fund raiser for the re-election of Lisa Kessler took place at Damon's in Pickerington. Lieutenant Governor Hollister was unable to attend both events.
On March 5, 1996, appellee issued a letter to appellant indicating that she was scheduled for a pre-disciplinary hearing. This hearing was eventually held on June 4, 1996. At the hearing, appellant was removed from her job for engaging in prohibited political activity.
Appellant appealed to the State Personnel Board of Review. An Administrative Law Judge conducted a hearing. The ALJ issued a report and recommendation affirming the removal, which was adopted by the three-member Board. Appellant filed a Notice of Appeal to the Fairfield County Common Pleas Court. The court upheld the removal.
 I.
Appellant argues that the court erred in adopting the decision of SPBR, which found that appellant could be removed from her civil service job for non-partisan activities. However, SPBR determined that the activity in which appellant engaged was partisan. Therefore, the Board did not find that appellant could be removed for non-partisan activities.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in affirming the decision of SPBR that appellant had solicited an in-kind political contribution as defined in R.C. 3517.01. We agree.
On appeal from an administrative agency, the Court of Appeals reviews the decision of the Board to determine if it is supported by the evidence; we do not review the decision of the trial court for an abuse of discretion. Tzangas, Plakas Mannos vs. OhioBureau of Employment Services (1995), 73 Ohio St.3d 694.
SPBR found that appellant had engaged in improper political activity, as prohibited by R.C. 124.57(A):
 (A) No officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, and civil service townships, shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving any assessment, subscription, or contribution for any political party or for any candidate for public office, nor shall any person solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting any such assessment, contribution, or payment from any officer or employee in the classified service of the state and the several counties, cities, or city school districts thereof, or civil service townships; nor shall any officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, and civil service townships, be an officer in any political organization or take part in politics other than to vote as he pleases and to express freely his political opinions.
Specificlly, the Board found that appellant had solicited an in-kind contribution in support of Lisa Kessler. The Board found that by inviting Lieutenant Governor Hollister to events for Kessler, appellant was soliciting an improper benefit to Kessler through the appearance of a high-ranking official at the event. The Board found that this was an indirect solicitation for monetary gain, as her attempt to have Lieutenant Governor Hollister attend two events of a partisan political nature would either expressly or implicitly raise funds for Kessler, and raise the stature of Kessler.
"In-kind contribution" is defined by R.C. 3517.01(B)(16):
 (16) "In-kind contribution" means anything of value other than money that is used to influence the results of an election or is transferred to or used in support of or in opposition to a candidate, campaign committee, legislative campaign fund, political party, or political action committee and that is made with the consent of, in coordination, cooperation, or consultation with, or at the request or suggestion of the benefited candidate, committee, fund, or party. . . .
The Board's determination that appellant had solicited an in-kind contribution through the attendance of Lieutenant Governor Hollister is against the weight of the evidence.
The evidence is clear that neither Hollister nor Curtis charge for appearances, which they make as public officials. As they appear at public events for free, their presence has no direct monetary value. The finding that the mere presence of the Lieutenant Governor at a "Meet the Commissioner" event would "increase the likelihood of the perception of County Commissioner Kessler as a viable political player" is too speculative to constitute an in-kind contribution. Neither event to which Lieutenant Governor Hollister was invited was characterized in the invitation as a fund-raising event for Commissioner Kessler. An invitation to an event that is not clearly designed for the purpose of raising funds for the political candidate, or for aiding her re-election campaign, is not partisan political activity. There is no evidence that the Lieutenant Governor's appearance was used to influence the results of an election, or that the appearance was used in support of Kessler and made in cooperation with Kessler, her committee, or through the Republican party.
In addition, the first "Meet the Commissioner" event was canceled. The second invitation said nothing about a benefit for Kessler. Rather, the second invitation stated that two other civic associations were planning to hold a dinner at Damon's. Lieutenant Governor Hollister did not attend the event. The mere fact that Kessler happened to have a fund raiser at Damon's the same day is too indirectly tied to the invitation to constitute a solicitation of an in-kind contribution.
The second Assignment of Error is sustained.
 III.
This Assignment of Error is rendered moot by our disposition of Assignment of Error II.
The judgment of the Fairfield County Common Pleas Court, affirming the decision of State Personnel Board of Review, is vacated. The decision of the State Personnel Board of Review affirming the dismissal of appellant from the classified service is vacated. Pursuant to App.R. 12 (B), we hereby enter final judgment ordering appellee the Ohio Bureau of Employment Services to reinstate appellant with back pay.
By: Reader, J., Hoffman, P. J. and Farmer, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-61
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court, affirming the decision of State Personnel Board of Review, is vacated. The decision of the State Personnel Board of Review affirming the dismissal of appellant from the classified service is vacated. Pursuant to App.R. 12 (B), we hereby enter final judgment ordering appellee the Ohio Bureau of Employment Services to reinstate appellant with back pay. Costs to appellee.